IN THE UNITED STATES BANKRUPTCY COURT
NOTHERN DISTRICT OF ALABAMA
NORTHERN DIVISON

IN RE:

| | | |
|---|---|---|
| Wanda Brown, ) | | |
| SSN: XXX-XX-7896, ) | | |
| ) | CASE NO.: 21-82163-CRJ-13-CRJ | |
| ) | | |
| Debtor. ) | CHAPTER 13 | |
| ) | | |
| ) | | |
| Wanda Brown, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | AP NO.:22-80159-CRJ | |
| ) | | |
| Vinebrook Homes LLC, ) | | |
| ) | | |
| Defendant. ) | | |

**JOINT MOTION TO APPROVE COMPROMISE AND SETTLEMENT
AND DISTRIBUTE FUNDS**

Comes now Wanda Brown (hereinafter "Debtor") and Vinebrook Homes LLC (hereinafter "Vinebrook") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019") and jointly request the entry of an order approving this Joint Motion to Approve Compromise and Settlement and in so doing state as follows:

1. The Court has jurisdiction over the subject matter herein and the parties hereto pursuant to 28 U.S.C. § 1334, along with other related statutes and rules.

2. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

3. On December 15, 2021, the Debtor filed her voluntary petition for relief pursuant to chapter 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*

4. On March 8, 2022, the Debtor filed this present adversary proceeding. Despite Vinebrook being listed as a creditor in the case, Debtor alleges that Vinebrook continued to contact her regarding a past due amount and demanding payment on its debt. Once Vinebrook was notified of the filing of Debtors' petition, Vinebrook took steps to ensure that all communications were halted; however, due to an unforeseen software glitch, Vinebrook's automated software began sending the Debtors notices after her petition was filed, unbeknownst to representatives for Vinebrook. After receipt of the complaint in this adversary proceeding, Vinebrook corrected the software problem that caused the sending of automated notices to the Debtor.

5. Vinebrook and the Debtor have negotiated in good faith and have reached an agreement and compromise regarding their respective positions.

6. As a result of the aforementioned agreement, Vinebrook and the Debtor now seek court approval of their agreement which constitutes, *inter alia*, a full and final compromise of the dispute made the subject of the Adversary Proceeding.

7. The terms of the settlement are that within ten (10) business days of entry of an order granting this motion, Vinebrook shall pay the total sum of $11,000.00 ("the Settlement Amount") in exchange for the dismissal of the Adversary Proceeding with prejudice. This amount includes all costs and fees, including, but not limited to, Debtor's attorney's fees. Vinebrook will not file a claim in the present case and has waived any arrearage which existed at the time of the filing of the case. In addition, Vinebrook agrees that Debtor has an ongoing, valid lease for her current residence up to and until October 31, 2022.

8. Pursuant to 11 U.S.C. §362(k)(1), Vinebrook shall pay to Debtor's counsel a total of $11,000.00 to settle any and all claims arising from this adversary proceeding. Debtor's counsel requests to retain $6,500.00 of the settlement representing 24.7 hours for the work performed in

2

Case 22-80159-CRJ   Doc 5   Filed 05/18/22   Entered 05/18/22 13:31:09   Desc Main
Document      Page 2 of 7

the preparation and prosecution of the adversary proceeding at an hourly rate of $300.00. Counsel has worked diligently on this case since December 2021 and will continue to do so until the proceeding closes. Counsel has reduced her fee from $7,410.00 to $6,500.00. Vinebrook shall also pay $1,136.34 to Michele T. Hatcher, Chapter 13 Trustee to be applied towards the Debtor's bankruptcy estate with the balance of the funds in the amount of $3,363.66 being paid to the Debtor per her claim of exemptions.

## LEGAL STANDARDS

9. Rule 9019 authorizes a bankruptcy court to approve compromise and settlements. Approval or rejection of a compromise is left to the sound discretion of the bankruptcy court and is to be determined by the particular circumstances of the case. The term "sound discretion" denotes the absence of a hard and fast rule. When invoked as a guide to judicial actions, it customarily means a decision giving due regard to what is right and equitable under the particular circumstances of the case and applicable law. Langes v. Green, 282 U.S. 531, 541 (1931).

10. This Court is to review the proposed settlement under the directives of the Court of Appeals for the Eleventh Circuit, as described in Wallis v. Justice Oaks, II, Ltd., 898 F.2d 1544 (11th Cir. 1990), *cert. denied sub nom,* Wallis v. Justice Oaks, II, Ltd., 498 U.S. 959 (1990). The Court supplied the following criteria when determining the acceptability of a compromise: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) complexity of the litigation involved; (d) the expense, inconvenience, and delay necessarily attending the litigation, including the possibility that denial of the settlement will cause assets of the Estate to be depleted; and (e) the paramount interest of the creditors and a proper deference to their reasonable views. Id. at 5149. See also Protective Comm. For Indep.

Stockholders v. Anderson, 390 U.S. 424 (1968); Martin v. Kane , 784 F.2d 1377, 1381 (9th Cir.) (quoting In re Flight Transp. Corp. Sec. Litig., 730 F.1d 1128, 1135 (8th Cir. 1984), *cert. denied,* 469 U.S. 1207 (1985)), *cert. denied,* 479 U.S. 854 (1986).  The Court is required to decide whether the settlement falls below the lowest point in a range of reasonableness.  Anaconda-Ericsson v. Hessen, 762 F.2d 185, 187-189 (2nd Cir. 1985), *quoting* Cosoff v. Rodman, 699 F.2d 599, 608 (2nd Cir. 1983).

11.     Vinebrook and the Debtor believe this proposed compromise is reasonable and in the best interest of the Debtor's bankruptcy estate.  Vinebrook and the Debtor submit that the proposed settlement meets all of the requirements of the law of the above cited cases:

    a.    <u>The probability of success</u>:  The outcome of bankruptcy litigation cannot be predicted with certainty.  Therefore, the Debtor faces the possibility that after the incurrence of legal expenses, Vinebrook will not be found liable to the Debtor.

    b.    <u>The difficulties to be encountered in the matter of collection</u>:  This factor is not an issue in the matter.

    c.    <u>The complexity of the litigation</u>:  While the legal issues involved in the litigation are not complex, the litigation is fact-intensive and thus discovery would be required.

    d.    <u>The expense, inconvenience, and delay necessarily attending the litigation, including the possibility that denial of the settlement will cause assets of the Estate to be depleted</u>:  As stated earlier, the allegations asserted by the Debtor in the Adversary Proceeding are fact intensive and would require extensive discovery.

e. <u>The paramount interest of the creditors and a proper deference to their views</u>: This settlement represents a fair compromise of the remaining claims. The Debtor believes this settlement is in the best interest of her bankruptcy estate and the remaining creditors of her bankruptcy estate.

12. Vinebrook and the Debtor reserve their rights to assert additional support for the relief requested herein at any hearing on this joint motion.

WHEREFORE, PREMISES CONSIDERED, the Debtor and Vinebrook respectfully request the approval of the settlement discussed herein and such further relief as this court deems appropriate.

Submitted this 18th day of May, 2022.

<u>/s/ Melissa W. Mitchell</u>
Melissa W. Mitchell
Melissa Wimberley Law P.C.
521 Madison St., Ste. 201
Huntsville, Alabama 35801

*Attorney for Debtor*

*and*

<u>/s/ Charles C. Dawson, Jr.</u>
Charles C. Dawson, Jr. asb-3933-a55c
LAW OFFICE OF CHARLES C. DAWSON, JR., LLC
173 Tucker Rd, Ste 202
Helena, Alabama 35080

*Attorney for Vinebrook*

## CERTIFICATE OF SERVICE

  I certify that a copy of the foregoing has been filed and delivered via filing on the Court's CM/ECF system and upon the clerk's matrix via U.S. mail, properly addressed and postage prepaid, on the 19th day of May, 2022.

            /s/ Melissa W. Mitchell
            Of Counse

6

